**IN THE COURT OF APPEALS OF IOWA**

No. 18-1081
Filed August 15, 2018

**IN THE INTEREST OF D.C.,**
**Minor Child,**

**C.A., Mother,**
    Appellant.
_____

    Appeal from the Iowa District Court for Pottawattamie County, Craig M.

Dreismeier, District Associate Judge.


    A mother appeals the termination of her parental rights to a child.

**AFFIRMED.**



    Roberta J. Megel of State Public Defender Office, Council Bluffs, for

appellant mother.

    Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

    Marti D. Nerenstone, Council Bluffs, guardian ad litem for minor child.


    Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to a child, born in 2010.[1]  She contends the State failed to prove the grounds for termination cited by the district court and termination was not in the child's best interests.  On our de novo review, we disagree with both contentions.

The child came to the attention of the Iowa Department of Human Services after a police officer observed him wandering outside.  The child told the officer his home lacked utilities.  The officer went to the home and smelled what he believed to be marijuana.  The child was taken into protective custody.  The child's hair sample tested positive for high levels of drugs, including methamphetamine.

The State applied to have the child temporarily removed from the mother's custody.  The district court granted the application and transferred custody to the department for placement with the mother's brother.  The child was subsequently adjudicated in need of assistance and remained with his maternal uncle and wife throughout the proceedings.

The mother was largely noncompliant with reunification services.  A service provider reported that, on one visit to the home in which she was staying, the mother appeared intoxicated and exhibited inappropriate behaviors.

Meanwhile, the State charged the mother with child endangerment and another crime.  She pled guilty to child endangerment and was placed on formal probation.  The district court later revoked her probation.  She spent two months in jail and, in February 2018, was transitioned to a residential correctional facility.

---

[1] The father is deceased.

At the termination hearing three months later, the mother testified she would be released from the facility within thirty days. She conceded she would require time to reunify with her child. She estimated the process would take about three months.

The district court terminated the mother's parental rights pursuant to several statutory provisions, including section 232.116(1)(f) (2018). The provision requires proof of several elements, including proof the child cannot be returned to the parent's custody. *See* Iowa Code § 232.116(1)(f). The court stated the child could not "be returned to the care of his mother" as of the termination hearing date because she was "at a facility which [did] not allow children," "[h]er release [was] dependent upon attaining housing," and, "[e]ven if she secured housing," she would need to show she was in a position to care for the child. The court found the mother's expectation that she could reunify within ninety days was unrealistic, given her past instability.

We fully concur in the district court's findings. We also agree with the court's conclusion that termination was warranted under section 232.116(1)(f). Having found clear and convincing evidence to support this ground for termination, we need not address the remaining grounds cited by the district court. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

Termination must also serve the child's best interests. *See In re P.L.*, 778 N.W.2d 33, 39-40 (Iowa 2010). There is no question it did. The child was in a precarious position at the time of his removal. His mother's home was essentially uninhabitable, and he lacked basic supervision. This was not the first time he was without a functioning parent. As a result of the mother's long-term addiction, the

child spent the better part of his life in his uncle's care.  Indeed, when the mother was first confronted with the circumstances that led to this action, her response was to recommend placement of the child with the uncle.  Fourteen months later, his home remained the safest option for the child.

We affirm the termination of the mother's parental rights to her child.

**AFFIRMED.**